FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 FEB -7  AM 10:58

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| STEVEN WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 304-139 |
| ) | |
| JO ANNE B. BARNHART, Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff appeals the decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

### I. BACKGROUND

Based upon claims of disability dating back to December 15, 1999, Plaintiff applied for DIB in September 2000; after his application was denied initially and upon reconsideration, he requested a hearing before an Administrative Law Judge ("ALJ"). Tr. ("R."), pp. 30, 75, 82, 100. Represented by counsel, Plaintiff appeared and testified at a hearing on July 16, 2002. R. 30-72. The ALJ then issued an unfavorable decision dated

September 26, 2002. R. 14-25. Applying the sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. Claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The medical evidence establishes that the claimant has the following severe impairments: status post cervical and lumbar fusion surgery with continuing complaints of neck and back pain; degenerative arthritis of the right shoulder, inflammatory arthritis of the left wrist; and mild, chronic obstructive pulmonary disease, aggravated by smoking and marijuana abuse.

3. The claimant does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

4. The claimant has the residual functional capacity to perform work related activities except for work involving more than light exertion (20 C.F.R. § 404.1545), with the following restrictions: no climbing of ladders, ropes, or scaffolding; only occasional crawling, crouching, kneeling, or stooping; no concentrated exposure to dust, fumes, chemicals, or pulmonary irritants; and only limited overhead reaching with his left arm. The claimant is not prevented from performing his past relevant work as a drill press operator and service station attendant--work which did not exceed his residual functional capacity for light work.[1]

---

[1] Light work involves:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. . . . If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

R. 22, 24-25. Because the ALJ determined that Plaintiff could perform his past relevant work, the sequential evaluation process stopped, and the ALJ concluded that Plaintiff "was not under a 'disability' as defined in the Social Security Act, at any time through the date of the decision (20 C.F.R. § 404.1520(e))." R. 25.

When the Appeals Council ("AC") denied Plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner. R. 6-9. Having failed to convince the AC to review his case, Plaintiff filed this civil action in the United States District Court for the Southern District of Georgia requesting a reversal or remand of that adverse decision. Plaintiff now argues that the ALJ committed a plethora of errors by failing: 1) to evaluate treating physicians' opinions regarding Plaintiff's right extremity, 2) to evaluate Plaintiff's spine impairments, 3) to evaluate Plaintiff's foot impairments, 4) to consider Plaintiff's knee and hip impairments which affected his ability to stand and walk, 5) to consider Plaintiff's obesity, 6) to properly consider the disability findings of the Veterans' Administration ("VA"), 7) to properly assess the credibility of Plaintiff or his wife, who also testified, 8) to recontact consultative examiner Dr. Stanley Wallace because Dr. Wallace's report does not include a residual functional capacity assessment. Pl.'s Br., pp. 15-23.

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the

Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to

determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

Although Plaintiff brings a multitude of alleged errors, the Court finds that the instant case can be resolved by focusing on a single issue: whether the ALJ erred by failing to consider evidence regarding the impairment of Plaintiff's right upper extremity. The ALJ found, with little explanation, that Plaintiff's "use of his right upper extremity [was] unrestricted." R. 24. Before assessing Plaintiff's argument with regard to that finding, the Court notes that the ALJ's finding is at once problematic, given his concurrent finding that Plaintiff's "degenerative arthritis of the right shoulder" constituted a severe impairment. R. 22. Also problematic, the ALJ noted that a "range of motion" form completed by a VA physician on November 7, 2001 indicated that Plaintiff "had reduced range of motion in almost all of his joints," including his right shoulder. See R. 21, 261. Yet, the ALJ did not explain whether this form was generated by a treating or examining source; nor did he explain why he apparently rejected the form in finding that Plaintiff's use of his right arm was unrestricted.

Although it is not for the Court to reweigh the evidence, an administrative decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter, 791 F.2d at 1548. "It is not enough to discover a piece of evidence which supports that decision, but to disregard other contrary evidence. The review must take into account and evaluate the record as a whole." Id.; see also Martin v. Heckler, 748 F.2d 1027, 1033 (11th Cir. 1984) (rejecting misuse of one set of positive test

results, to the exclusion of all other evidence of record, to find claimant not disabled when the ignored evidence suggested other severe impairments).

Moreover, in the Eleventh Circuit, a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986) (*per curiam*). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). This is not to say, however, that the Commissioner is obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991). And of course, under Social Security Ruling ("SSR") 96-5p, the determination of disability regarding a Social Security claim is reserved to the Commissioner, and treating source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance. SSR 96-5p; see also 20 C.F.R. § 404.1527(e).

Here, Plaintiff points out that the "range of motion form" discarded without explanation by the ALJ was completed by Dr. Arepally V. Rao, supervisor of Rehabilitation Medicine Services at the VA Medical Center in Dublin, Georgia, and one of Plaintiff's


treating physicians since 1991. Pl.'s Br., p. 15 (citing R. 460, 510, 622); Pl.'s Reply Br., p. 1 (citing R. 621). Thus, the ALJ erred by rejecting Dr. Rao's conclusions without any explanation, much less establishing good cause. Moreover, in deciding that Plaintiff was not restricted in the use of his right arm, the ALJ failed to address several pieces of evidence.

For example, on September 19, 2000, Dr. Rao noted the presence of degenerative joint disease as seen via X-rays, swelling in the right shoulder joint, complaints of right shoulder pain, and limited range of motion. R. 203, 532. Similarly, on October 22, 2000, Dr. Meenaskhi Ram, another of Plaintiff's doctors, averred that "range of movements are very painful." R. 520. Roughly a year later, October 2001 right shoulder X-rays also revealed degenerative joint disease. R. 607-08. Finally, on March 14, 2002, Dr. Lina Caldwell, an agency physician, performed a residual functional capacity assessment opining that Plaintiff's ability to reach overhead was so limited that he should "never" be required to do so. R. 627.

Of course, the Court is aware that the ALJ correctly noted that Plaintiff utterly failed to attend recommended physical therapy sessions, resulting in his discharge from physical therapy without meeting "his goals due to poor compliance" (despite Dr. Rao's assessment that the "rehabilitation potential" for Plaintiff's right shoulder was "good"). R. 20, 234-35, 524, 526. However, this fact does not explain the ALJ's finding that Plaintiff's use of his right arm was completely unrestricted. Indeed the ALJ makes no effort to explain how his finding squares with the above-described evidence.

The Court is not unmindful of the difficulties of evaluating a claimant's impairments and weighing the competing medical evidence that often appears in an administrative record.

Nonetheless, the law requires the Commissioner to provide a well-reasoned, well-articulated decision. Without such an analysis, the federal courts are unable to provide claimants with sound, meaningful review of the administrative decision. The Court cannot second-guess what the ALJ may have been thinking or may have intended to consider. In this instance the ALJ's decision does not show that he considered and weighed all the record evidence. Therefore, this case should be remanded for full consideration of the entirety of the evidence. Of course, the Court expresses no opinion on the ultimate issue, a matter for the Commissioner on remand.

In sum, although it is by no means clear that Plaintiff is entitled to DIB, it is clear that the ALJ's opinion is deficient because the ALJ did not satisfactorily address evidence from examining and treating sources who reached opinions different from his own regarding Plaintiff's ability to use his right arm. Having determined that remand is appropriate, the Court need not address Plaintiff's remaining arguments.

## IV. CONCLUSION

For the reasons described above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** for further consideration by the Commissioner consistent with this opinion.

SO REPORTED and RECOMMENDED this 7th day of February, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE